**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**DEBORAH D. GUNTER**                                                                 **PLAINTIFF**

**V.**                                 **NO. 4:20CV00309 KGB-PSH**

**COMMISSIONER of**
**SOCIAL SECURITY ADMINISTRATION**                              **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition (Recommendation) has been sent to United States District Judge Kristine G. Baker. Either party may file written objections to this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days of this Recommendation. If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

I.    **Introduction**:

Plaintiff, Deborah D. Gunter, applied for disability benefits on September 11, 2017, alleging disability beginning on March 1, 2015. (Tr. at 11). After conducting a hearing, the Administrative Law Judge ("ALJ") denied her application. (Tr. at 23).

1

The Appeals Council declined to review the ALJ's decision. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, this Court should reverse the ALJ's decision and remand for further review.

## II.   The Commissioner's Decision:

The ALJ found that Ms. Gunter had not engaged in substantial gainful activity since the alleged onset date of March 1, 2015. (Tr. at 13). At Step Two, the ALJ found that Ms. Gunter had the following severe impairments: degenerative disc disease of the cervical spine status post discectomy and fusion, chronic obstructive pulmonary disease, and fibromyalgia. (Tr. at 14).

After finding that Ms. Gunter's impairments did not meet or equal a listed impairment (Tr. at 15), the ALJ determined that Ms. Gunter had the residual functional capacity ("RFC") to perform work at the sedentary exertional level, with additional limitations: (1) she could only occasionally reach overhead bilaterally; (2) she could have no concentrated exposure to dust, fumes, or other pulmonary irritants; and (3) she could have no exposure to heat or cold. *Id*.

The ALJ determined that Ms. Gunter was able to perform past relevant work as an outpatient admissions clerk and a 911 operator. (Tr. at 21). The ALJ made an alternative finding at Step Five: she relied on the testimony of a Vocational Expert

("VE") to find that, considering Ms. Gunter's age, education, work experience, and RFC, she could perform jobs in the national economy, such as small product assembler, printed circuit board inspector, and toy stuffing machine operator. (Tr. at 22-23). Thus, the ALJ found that Ms. Gunter was not disabled. *Id.*

### III.   Discussion:

#### A.   Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

The United States Supreme Court recently held that "whatever the meaning of 'substantial' is in other contexts, the threshold for such evidentiary sufficiency [in

Social Security Disability cases] is not high. Substantial evidence…is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts her findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

 B. Ms. Gunter's Arguments on Appeal

Ms. Gunter contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ did not fully develop the record; (2) she erred at Step Two; (3) she did not fully analyze Ms. Gunter's subjective complaints; and (4) the RFC did not incorporate all of Ms. Gunter's limitations. The Court agrees that the ALJ should have further developed the record, with respect in particular to Ms. Gunter's back condition.[1]

Ms. Gunter suffered from moderate-to-severe degenerative disc disease,

---

[1] *See Noerper v. Saul*, 964 F.3d 738, 741 (8th Cir. 2020)("Although our detailed discussion is targeted, we have considered her arguments and the record as a whole as to all of her impairments and their cumulative effect on her limitations").

which required surgery in 2005 and another surgery in 2017. (Tr. at 16, 49, 410).

CAT scan, MRIs, and x-rays revealed pseudoarthrosis, radiculopathy, severe

neuroforaminal narrowing, and bilateral stenosis. (Tr. at 377, 450-466). She had

painful range of motion. (Tr. at 367-370). Ms. Gunter treated with narcotics and

other conservative remedies before transitioning to physical therapy and receiving

steroid injections. (Tr. at 325-344, 372-376). Her orthopedic surgeon said in March

2017 that she had failed "extensive nonoperative treatment" and there was no

physical therapy or injection that would make it better; a second surgery was

necessary. (Tr. at 462). At a visit in July 2017, after Ms. Gunter's neck surgery, the

surgeon noted sharp constant pain in the left scapular region, which seemed "pretty

severe." (Tr. at 459). In November 2017, Ms. Gunter was positive for back pain,

arthralgias, and myalgias. (Tr. at 665).

Ms. Gunter saw her PCP, Dr. Michael Vice, M.D., regularly throughout the

four-year relevant time-period. He prescribed her pain medication and ordered

objective tests. (Tr. at 518-528, 557-609, 703-741). On September 18, 2018, Ms.

Gunter saw Dr. Vice. (Tr. at 734-736). She had chronic, constant pain. *Id*. She had

decreased range of motion, with tenderness to palpation. *Id*. A month later, Dr. Vice

noted numbness, tingling, and headache associated with the back pain. (Tr. at 741).

Dr. Vice completed two medical source statements that said Ms. Gunter could

5

not perform even sedentary work, and would need four or more unscheduled breaks during the workday. (Tr. at 721-724, 752-757). The ALJ discounted these opinions because Dr. Vice was not a specialist. (Tr. at 21). But Dr. Vice saw Ms. Gunter regularly for years and his opinions were consistent with the treatment record and Ms. Gunter's own testimony that she was in near constant pain. Thus, his opinions were deserving of more weight.

The ALJ has a duty to develop the record fully, even when the claimant is represented by counsel, and must order a consultative examination if it is necessary to make an informed decision. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). In this case, not only did Ms. Gunter's treating physician find significant limitations, but her orthopedic surgeon noted severe pain after her second surgery. Clinical exams revealed tenderness and painful range of motion. Objective testing showed moderate to severe conditions.

The ALJ discussed the reviewing medical expert opinions that Ms. Gunter could perform light work, but he only found these opinions partially persuasive. Because there was such a stark contrast between these opinions and the opinion of Dr. Vice, the ALJ should have ordered a consultative physical examination (the Court notes that the orthopedic surgeon's findings were consistent with Dr. Vice's). (Tr. at 459). There was conflict in the evidence which required something more to

support the ALJ's decision; even in cases with less conflict in the evidence, ALJs typically order a consultative examination. That should have happened in this case.

While the failure to fully develop the record requires reversal, the Court also notes that the ALJ did not provide any discussion whatsoever at Step Three about whether Ms. Gunter met any Listed Impairments. (Tr. at 15). As such, the Court cannot tell what impairments were considered, which further undermines the ALJ's decision.

## III.   Conclusion:

For the reasons stated above, the Court finds that the ALJ's decision is not supported by substantial evidence. The ALJ failed to properly develop the record.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be REVERSED and the case be REMANDED for further review.

DATED this 9th day of March, 2021.

_____

UNITED STATES MAGISTRATE JUDGE